| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Barry Milgrom, State Bar No. 99961<br>LUCE, FORWARD, HAMILTON & SCRIPPS LLP<br>Rincon Center II, 121 Spear Street, Suite 200<br>San Francisco, California 94105-1582<br>Telephone No.: 415.356.4600<br>Fax No.: 415.356.4610<br><br>Attorneys for MOHAMED POONJA,<br>Trustee in Bankruptcy |

35116.00001

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>CRANE, BORKENHAGEN ENTERPRISES, INC.,<br><br>    Debtor.<br><br>MOHAMED POONJA, Trustee in Bankruptcy,<br><br>    Plaintiff,<br><br>v.<br><br>KATHLEEN BORKENHAGEN,<br><br>    Defendant. | Case No. 03-53424 RLE<br>Chapter 7<br>The Hon. Roger L. Efremsky<br><br>Adv No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

Plaintiff Mohamed Poonja, Trustee in bankruptcy of the estate of the above Debtor, alleges as follows:

1. On May 27, 2003, Crane, Borkenhagen Enterprises, Inc., ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On August 3, 2007, the case was converted to a Chapter 7. Plaintiff Mohamed Poonja ("Trustee"). is the duly appointed and qualified Chapter 7 Trustee of the estate of the Debtor.

2. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 151,

301039577.1

157(b) and 1334, and Rule 5011-1 of the Bankruptcy Local Rules for the Northern District of California.

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

4. Venue is proper under 28 U.S.C. § 1409.

5. Plaintiff is informed and believes that Kathleen Borkenhagen is an individual that resides in the State of California.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

6. Plaintiff re-alleges the allegations set for in paragraphs 1 through 5 above and incorporates those allegations by reference.

7. On or about January 15, 2008, the Trustee and Defendant entered into a Settlement Agreement and Mutual Release of Claims ("Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached as Exhibit A and incorporated herein by this reference.

8. Under the Settlement Agreement, defendant promised to pay to the Trustee the sum of $85,000.00. Under paragraph 3 of the Settlement Agreement, the $85,000.00 obligation was to be "secured by a second priority deed of trust on the Borkenhagen's residence located at 475 S. 14th St., San Jose, CA 95112 ('Residence')". Pursuant to paragraph 3.c. of the Settlement Agreement, defendant agreed to "deliver the deed of trust, in form and substance satisfactory to the Trustee, duly executed and with the notarized signatures of Borkenhagen and her husband, Stephen Borkenhagen, individually or as trustees of the family or other trust that owns the Residence, depending on how title to the residence is held (the intent being that all record owners of the Residence will execute the deed of trust and have their signatures notarized), within 10 days of Bankruptcy Court approval of this Release."

9. On or about February 27, 2008 the Bankruptcy Court entered its Order Authorizing Trustee to Compromise Controversy (Kathleen Borkenhagen).

10. On or about February 15, 2008 the Trustee sent to defendant a short form deed of trust and assignments of rents in form and substance satisfactory to the Trustee and asked

defendant to have it duly executed, notarized and returned to the Trustee.

11. On February 23, 2008, the Trustee sent to defendant a reminder to cause to be executed the form of deed of trust.

12. On March 3, 2008, the Trustee again sent to defendant a reminder to "return the fully executed and notarized deed of trust to the Trustee by March 10, 2008".

13. The Trustee has performed all of his obligations under the Settlement Agreement.

14. Defendant has failed to perform her obligations under the Settlement Agreement by, among other things, failing to timely deliver the deed of trust, in form and substance satisfactory to the Trustee, duly executed with the notarized signatures of defendant and her husband, within 10 days of Bankruptcy Court approval of the compromise. In addition, Defendant has failed to make all of the payments due under the Settlement Agreement in a timely manner.

15. Pursuant to Paragraph 5 of the Settlement Agreement, if defendant defaults under "any term, representation or covenant" of the Settlement Agreement and fails to cure the default within 10 days, then all obligations of defendant under the Settlement Agreement become immediately due and payable. As a result, defendant is obligated to the Trustee under the Settlement Agreement for the sum of $60,416.66.

16. Pursuant to Paragraph 14 of the Settlement Agreement, plaintiff is entitled to attorneys' fees and costs in bringing this action.

**REQUEST FOR RELIEF**

WHEREFORE, the Trustee prays for judgment as follows:

A. For money judgment against the Defendant in the sum of $60,416.66, or such sum as may be proved at trial;

B. For interest at the legal rate of 10% per annum from March 9, 2008 until paid;

C. For attorneys' fees;

D. For costs of suit; and

///

///

///

301039577.1

3

1  ///

2         E.      For such other and further relief as the Court may deem appropriate.

3  DATED: June 3, 2008                LUCE, FORWARD, HAMILTON & SCRIPPS LLP

4

5                                     By: _____
                                          Barry Milgrom
6                                         Attorneys for MOHAMED POONJA,
                                          Trustee in Bankruptcy
7